IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs.                       ) | Criminal No. 19-162-18 |
| ) | |
| ) | |
| JUSTIN LAW,               ) | |
|     Defendant.       ) | |

**<u>MEMORANDUM ORDER DENYING MOTION TO REDUCE SENTENCE</u>**

**I.      INTRODUCTION**

Pending before the Court is Defendant's counseled Motion for Reduction of Sentence Under 18 U.S.C. §3582(c)(2) ("Section 3582(c)(2)").  In particular, by way of his Motion, Defendant requests a retroactive sentence reduction under Amendment 821 to the United States Federal Sentencing Guidelines to 70 to 87 months imprisonment, or time served.  The original Sentencing Guideline Range was 77 to 96 months imprisonment, however, this sentence was based upon a Fed. R. Cr. P. Rule 11(c)(1)(c) plea agreement.  Defendant Law is serving a 96-month term of imprisonment for his involvement in a largescale drug trafficking conspiracy, in which he was identified as a heroin trafficker and a close associate of the leader of the SCO neighborhood street gang.

The legal basis for Defendant's Motion is the retroactive amendment to U.S.S.G. § 4A1.1 which eliminates the 2-point increase to a criminal defendant's criminal history calculation for

offenses committed while the defendant was under a criminal justice sentence ("Amendment 821").

The Government filed a response to Defendant's Motion, opposing Defendant's requested reduction of sentence. (Doc. 1645).  In support thereof, the Government asserts that "while the United States concedes that Law is eligible for a reduction, it maintains that the Court should deny the requested relief after considering the stipulated sentence agreed to by the parties and the relevant Section 3553(a) factors—namely, the offense conduct, Law's substantial criminal history and lack of respect for the law, as well as the need to protect the public from any further criminal conduct. "

For reasons set forth below, this Court will deny Defendant's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) (Doc. 1635).

## II.     BACKGROUND

On December 5, 2019, Defendant changed his plea to guilty, pursuant to the terms of a Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement.  Additionally and importantly, the United States agreed not to file an Information Charging Prior Offense Pursuant to Title 21, United States Code, Section 851 ("851 Information"), which would have increased Law's statutory mandatory minimum term of imprisonment from five years to ten years. See Doc. 642 at ¶¶ (B)(3), (C)(1). In agreeing to a stipulated sentence, pursuant to Rule 11(c)(1)(C), Defendant received the assurance that the United States would not seek a higher sentence or argue for any other sentencing enhancements and that this Court would not be able to sentence him to anything higher than 96 months.   As part of the binding plea agreement, crucially, Defendant also "agree[d] that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission." (*Id*. at 4).

The United States Probation Office prepared the Presentence Investigation Report and determined that based upon his prior convictions, Defendant had 11 criminal history points and received an additional two points for being under a criminal justice sentence in another case. Doc. 883 (PSIR), at ¶ 31. This resulted in a criminal history category of VI. Id. The Probation Office calculated Law's advisory Guideline Range as 77 to 96 months, based upon a total offense level of 21, and criminal history category of VI. Id. at ¶¶ 23, 44.

On May 19, 2020, this Court accepted the parties' plea agreement and sentenced Defendant to 8 years' imprisonment and 8 years' supervised release. In the Court's statement of reasons, it noted that the "this Court adopted the plea agreement after giving due consideration to the relevant sentencing guideline range" but it did not state that the Guideline Range was a reason for the Court's sentence. Of course, the Court further considered all of the Section 3553(a) factors as detailed therein. See Statement of Reasons, p. 5-6. Post-sentencing, and during the COVID-19 pandemic, Law filed two Motions for Compassionate Release (Doc. Nos. 1327, 1504, 1510), which were both denied by this Court (Doc. Nos. 1459, 1585).  Defendant is housed at FCI Hazelton with an anticipated release date of June 26, 2026.  Defendant has therefore served approximately 75 % of his sentence and has approximately 24 months remaining on his sentence.  While Defendant seeks a sentence of time served, the Government opposes that request and states that Defendant should serve the remaining term of his sentence and not receive any reduction.

### III.    APPLICABLE LAW

Title 18, United States Code, Section 3582(c)(2) allows a Court to reduce a defendant's sentence if that defendant has been sentenced based on a sentencing range "that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C.

§3582(c)(2).  A Court may only do so, however, after considering any applicable factors set forth in 18 U.S.C. § 3553(a), and any reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The United States Supreme Court has set forth a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted.  *Dillon v. U.S.*, 560 U.S. 817 (2010).  At Step One, the court is "to follow the Commission's instructions from § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 826.  Section § 1B1.10(b)(1) instructs a court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced.  In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."  § 1B1.10(b)(1).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable §3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

IV.    DISCUSSION

It is undisputed by the parties, and the Court agrees, that Defendant is eligible for a sentence reduction under Amendment 821, that is, he would receive an adjusted advisory Guideline Range based upon the "status" points changes.

At Defendant's sentencing, the Court's calculation of Defendant's criminal history score included "status points" under U.S.S.G. § 4A1.1 because it was determined that he committed

4

the offense of conviction while under a criminal justice sentence. Amendment 821 has the effect of reducing Defendant's "status points" from two to one because he has twelve criminal history points under the amended subsections (a) through (d) of § 4A1.1. See U.S.S.G. § 4A1.1(e). Amendment 821 therefore reduces Defendant's total number of criminal history points from thirteen to twelve, and his criminal history category from VI to V. With a criminal history category of V and an overall offense level of 21, Defendant's applicable guideline range is reduced from 77-96 to 70-87 months' imprisonment.  However, Defendant's sentence of 96 months, which was accepted by this Court pursuant to a stipulated sentence, is 11 months above the high-end of the amended advisory Guideline Range but remains two years below what would have otherwise been Defendant's mandatory minimum sentence—120 months with the filing of an 851 Information.

In *Hughes v. United States*, the United States Supreme Court explained: "If the Guidelines range was not 'a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement,' *Freeman*, *supra*, at 530, 131 S.Ct. 2685, then the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable." *Hughes*, 584 U.S. at 687 (emphasis added).  *See also Koons v. U.S.*, 584 U.S. 700, 705 (2018) (explaining, "[w]hen that happens—when the [Guidelines] ranges play no relevant part in the judge's determination of the defendant's ultimate sentence—the resulting sentence is not 'based on' a Guidelines range").   The statement of reasons set forth by this Court does not state that the Guideline Range was the reason or a reason for the Court's sentence in this case. Instead, it states that it is based upon the parties' agreement pursuant to Rule 11(c)(1)(c) (the Court merely notes what the applicable Guideline Range would have been without regard to the

951 Information being filed and the application of the statutory minimum of 120-month imprisonment).

Moreover, this Court has previously held that the effect of Defendant entering into a plea agreement containing a stipulated sentence under Rule 11(c)(1)(c), does not entitle him to relief even under Amendment 821.  *See United States v. Poole*, 21-cr-00421 at doc. 44.  As stated above, Defendant in this case specifically agreed not to seek a reduction of sentence in the event that the Guideline Range was subsequently lowered.  The binding plea agreement stated that: "Defendant agrees that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission."  The Court will not disturb the agreement of the parties based upon the clear and unequivocal language in the plea agreement to which both parties agreed to the bound, and this Court accepted.

The instant Motion flies in the face of this portion of the binding plea agreement, and the Court declines to simply ignore that contractual promise made by Defendant.  *See also U.S. v. Swindle*, Crim. No. 21-325, 2024 WL 1581043, at *3 (W.D. Pa. Apr. 11, 2024) (denying motion brought pursuant to § 3582(c) in light of Amendment 821 for multiple reasons, including because the defendant "expressly waived the right to file such motion as part of his plea agreement with the Government"); *U.S. v. Portis*, Crim. No. 21-372, 2024 WL 343085, at *1 (W.D. Pa. Jan. 30, 2024) (denying motion brought pursuant to § 3582(c) in light of Amendment 821 in part because in the defendant's plea agreement, the defendant agreed that he would "not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission" and defendant "is bound by the plain language of his plea agreement, which prohibits him from filing the instant Motion. Therefore, his Motion will be denied because it was filed in violation of the terms of his plea agreement.").

Defendant alternatively contends that he "should be entitled to a nunc-pro-tunc review of his plea as this retroactive application of the amended 'status point' calculation places him in a position that had it been applicable at the time of the negotiations between his counsel and counsel for the government, the range under which negotiations occurred would have been lower." Doc. 1645, ¶ 8. The Court will deny that request as this form of relief has not been afforded by the Amendment. After all, a proceeding under § 3582(c)(2) is not a full resentencing proceeding under U.S.S.G. § 1B1.10(a)(3) and does not permit reconsideration of other sentencing determinations not altered by the guideline amendment. See United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002) (stating "[i]t is…clear that only the retroactive amendment is to be considered at resentencing under § 3583," which is "merely a form of limited remand").

The Court further finds that based upon consideration of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), a sentence reduction of any amount is not warranted in this case, and Defendant's 96-month sentence, remains sufficient, but not greater than is necessary, to comply with the goals of sentencing, as set forth in 18 U.S.C. § 3553(a)(2), including that the sentence reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes by this defendant.

Accordingly, Defendant's Motion to Reduce Sentence is DENIED. Doc. 1635.

s/Arthur J. Schwab
ARTHUR J. SCHWAB
United States District Judge

Dated: June 4, 2024

cc:     All ECF Registered Counsel of Record